Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE CRUZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　- *against* -<br><br>COOKIES UNITED, LLC and UNITED BAKING CO., INC.<br><br>　　　　　　　　　　　　　　Defendant. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**17-cv-7557** |

### CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiff FELIPE CRUZ, individually and on behalf of all others similarly situated, by the Moser Law Firm, P.C., hereby files this complaint against Cookies United, LLC and United Baking Co., Inc. (the "Defendants") and alleges as follows:

### INTRODUCTION

1.　　　This case is an action to remedy the failure of the Defendants to pay overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2.   Plaintiffs also bring this case to recover unpaid straight wages under NYLL §§ 191(1) and spread of hours pay under 12 NYCRR § 142-2.4.

2. The first, second, and third causes of action arise from the Defendants' uniform policies of:

   a. not compensating employees for morning and afternoon breaks of 15 minutes each totaling ½ hour each day;

   b. directing employees to be at their workstations prior to the beginning of their shift, and failing to pay employees for this time that they were required to be on duty;

3. The fourth cause of action arises from the Defendants' failure to implement a policy and procedure for paying spread of hours pay to employees who work a spread of hours in excess of ten.

4. The Named Plaintiff brings his federal claims on behalf of the FLSA Collective (as hereinafter defined) under 29 U.S.C. §216, and their state claims on behalf of the New York Class (as hereinafter defined) under Rule 23 of the Federal Rules of Civil Procedure. ("Fed. R. Civ. P. 23."). The Named Plaintiff, the FLSA Collective, and the New York Class are collectively referred to herein as the Plaintiffs.

**JURISDICTION AND VENUE**

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

### *Named Plaintiff*

*Felipe Cruz*

8. Named Plaintiff Felipe Cruz is a natural person who resides in Suffolk County, New York.

9. Felipe Cruz was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

### *Defendants*

*United Baking Co., Inc.*

10. Defendant United Baking Co., Inc. ("United Baking") is a New York corporation, organized under the laws of the State of New York.

11. United Baking's principal place of business is 141 Freeman Avenue, Islip, New York 11751.

12. Upon information and belief, Defendant United Baking has been engaged in commerce as defined in 29 U.S.C. §§ 201 *et. seq.* during the relevant time period.

13. Upon information and belief, for each calendar year from January 1, 2015 and up to the present time, United Baking's annual gross volume of sales made or business done was not less than $500,000.

14. Upon information and belief, United Baking has been an employer within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3) during the six-year period preceding the filing of this complaint.

*Cookies United, LLC*

15. Defendant Cookies United, LLC ("Cookies United") is a New York limited liability company, organized under the laws of the State of New York.

16. Cookies United's principal place of business is 141 Freeman Avenue, Islip, New York 11751.

17. Cookies United is a premier manufacturer and marketer of high quality, branded and private label baked goods for consumers nationwide.

18. Defendant Cookies United is a wholly owned subsidiary of United Baking Co., Inc.

19. Upon information and belief, Defendant Cookies United has been engaged in commerce as defined in 29 U.S.C. §§ 201 *et. seq*. during the relevant time period.

20. Upon information and belief, for each calendar year from January 1, 2015 and up to the present time, Cookies United's gross volume of sales made or business done was not less than $500,000.

21. Upon information and belief, Cookies United has been an employer within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3) during the six-year period preceding the filing of this complaint.

**COLLECTIVE ACTION ALLEGATIONS**

22. The Named Plaintiff brings the FLSA claim, the First Cause of Action, on behalf of himself and other similarly situated persons who were current and former non-exempt

(hourly) workers employed by Cookies United at any time during the three year period prior to the filing of this complaint and who elect to opt-in to this action (the "FLSA Collective"), pursuant to 29 U.S.C. §§ 201 *et seq*. and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

23. Through the conduct described in this Complaint, the Defendants have violated the FLSA by failing to pay the Named Plaintiff and the FLSA Collective, proper overtime wages as required by law for morning and afternoon breaks of 15 minutes each, for a total break time of at least ½ hour daily, and by failing to compensate employees when they were required These violations arose out of the Defendant's uniform, company-wide policies, pattern and/or practice of violating wage and hour law.

24. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, the FLSA Collective consists of at least 100 similarly situated current and former employees of the Defendants who have been victims of the Defendants' common policy and practices that have violated the rights of the FLSA Collective under the FLSA by, *inter alia,* willfully denying full overtime wages.

25. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendant, are readily identifiable, and locatable through the Defendant's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

26. The Named Plaintiff brings the Second, Third and Fourth Causes of Action under Fed. R. Civ. P 23 on behalf of himself and a class consisting of all non-exempt (hourly) workers

who have been employed by the Defendant Cookies United in the State of New York at any time during the six-year period prior to the filing of this complaint and up to the present time (the "New York Class").

27. Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any Named who has, or who at any time during the class period has had, a controlling interest in the Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

28. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.

29. Upon information and belief, the size of the New York Class is estimated to be at least 100 workers. Although the precise number of such persons is not known to the Named Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

30. There are questions of law and fact common to the Class that predominate over any questions solely affecting Named members of the Class individually and include, but are not limited to, the following:

    a. whether the 15-minute breaks constituted compensable work time;

    b. whether deducting the break time from employees' pay constituted a failure to pay for all hours worked;

    c. whether employees were required to be paid from the time they were directed to report to work;

    d. whether Defendants failed and/or refused to pay the Named Plaintiff and the New York Class overtime pay for all hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    e. whether Defendants failed and/ or refused to pay the Named Plaintiff and the New York Class straight wages to which they are entitled under NYLL §§ 191 and 198;

    f. Whether the Defendants failed to implement policies and procedures for paying spread of hours pay to employees, when the interval between the beginning and ending of the employees' workday exceeded ten.

31. The claims of the Named are typical of the claims of the New York Class he seeks to represent. The Named Plaintiff and the class members work, or have worked, for the Defendants as workers in the State of New York.  The Named Plaintiff and the class members enjoy the same statutory rights under the NYLL, to be paid overtime premiums, straight pay, and spread of hours pay.  The Named Plaintiff and the class members have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL. The Named Plaintiff and the class members have all been injured in that they have been subject to the Defendants' uniform policies of failing to compensate employees for the break periods, failing to compensate employees for pre-shift work, and failing to pay spread of hours pay when the interval between the beginning and ending of the employees' workday exceeded 10.

32. The Named Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The Named Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the New York Class to represent the classes' interests fairly

and adequately. The Named Plaintiff recognizes that as class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. The Named Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the class. The Named Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Named Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial. The Named Plaintiff has retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Named Plaintiff and the class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as the Defendants' uniform policies, practices, and procedures. Although the relative damages suffered by the members of the New York Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of wage and hour litigation. The class members lack the financial resources to conduct a thorough examination of the Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against the Defendant to recover such damages. In addition, class treatment is superior because it will obviate the need for

unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

34. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) in that the Defendants have acted or refused to act on grounds that apply generally to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

35. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

36. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## WILLFULNESS ALLEGATIONS

37. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.

38. This pattern, practice, and/or policy includes willfully failing to pay employees overtime wages, straight wages, and spread of hours pay.  Upon information and belief, Defendants were or should have been aware that their actions as described in this complaint violated both state and federal law.

## FACTUAL ALLEGATIONS

### *Policies*

39. The Named Plaintiff, New York Class and FLSA Collective were scheduled for two fifteen-minute breaks each workday.

40. The Defendants had a uniform policy of deducting break time from the work hours of the Named Plaintiff, New York Class and FLSA Collective.

41. The Named Plaintiff, the New York Class, and the FLSA Collective were directed to be at their workstations at least 15 minutes prior to the beginning of their shift.

42. The Named Plaintiff, the New York Class, and the FLSA Collective were not compensated when they arrived at work early at the direction of the Defendants.

43. As a result of these policies, the Defendants failed to pay workers for all compensable working hours.

44. In most instances, the failure to compensate for all working hours resulted in the Defendants' failure to pay overtime for all hours worked by employees in excess of 40 hours per week.

45. Upon information and belief, in some instances, the failure to compensate for all working hours resulted in the Defendants' failure to pay for all straight hours worked.

46. The Named Plaintiff and the New York Class regularly worked a spread of hours in excess of 10 hours per day.

47. Pursuant to uniform policy, the Defendants did not pay employees spread of hours pay when the interval between the beginning and ending of the workday exceeded ten.

*Named Plaintiff*

*Felipe Cruz*

48. Plaintiff Felipe Cruz was employed as a food production worker by Cookies United from September 2014 until June 2016.

49. Felipe Cruz took two fifteen-minute breaks each day.

50. Cookies United did not pay Felipe Cruz for the two fifteen-minute breaks.

51. Felipe Cruz was ordered to report to his workstation at least fifteen minutes before the start of his shift.

52. The Plaintiff's regular shift was from 5:30 AM to 6:30 PM.

53. Felipe Cruz was not paid for the time spent at work prior to 5:30 A.M.

54. In most instances, these policies resulted in the failure to pay overtime wages to Plaintiff.

55. Upon information and belief, in some instances, these policies resulted in the failure to pay straight wages to Plaintiff.

56. The interval between the beginning and ending of Mr. Cruz's workday was often more than ten.

57. Mr. Cruz was not paid spread of hours pay.

## THE LAW

*Compensability of Rest Periods*

58. "Rest periods of short duration, running from 5 minutes to about 20 minutes . . . are customarily paid for as working time. They must be counted as hours worked." *Solis v. Cindy's Total Care, Inc.*, No. 10 Civ. 7242 (PAE), 2012 U.S. Dist. LEXIS 1808, at *30, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) (citing 29 C.F.R. § 785.18).

*Overtime*

59. Overtime is calculated at a rate of one and one-half times an employee's regular hourly pay for work performed in excess of 40 hours per week. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4.

*Straight Wages*

60. "[T]he NYLL fully compensates a plaintiff for all unpaid straight-time wages." *Shim v. Millennium Grp.*, No. CV-08-4022 (FB)(VVP), 2009 U.S. Dist. LEXIS 124107, at *4 (E.D.N.Y. Oct. 2, 2009); *see also Gonzalez v. Gan Isr. Preschool*, No. 12-CV-06304 (MKB) (VMS), 2014 U.S. Dist. LEXIS 34633, at *35 (E.D.N.Y. Feb. 5, 2014) (employee is entitled to straight wages under NYLL § 191 and its damages provision NYLL § 198(1-a)).

*Spread of Hours Pay*

61. An employee is entitled to receive an additional one hour's pay at the minimum wage for each day in which the interval between the beginning and ending of the employee's workday exceeds 10 hours. *See* 12 NYCRR §§ 142-2.4 & 2.18.

*Damages*

62. Any employer who fails to provide adequate compensation shall be liable to the employee for the unpaid wages, liquidated damages, reasonable attorney's fees, and costs. 29 U.S.C. § 216(b); NYLL § 198(1-a).

63. NYLL § 198(1-a) also provides that an employee has the right to recover prejudgment interest. NYLL § 198(1-a). *See Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 187, 206 (E.D.N.Y. 2013).

**FIRST CAUSE OF ACTION**
**Overtime Violations**
**Fair Labors Standards Act**
**29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a) & 126**
**On behalf of the Named Plaintiff and the FLSA Collective**

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants engaged in a widespread pattern, policy, and/or practice of violating the FLSA, as detailed in this Complaint.

66. Defendants were an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67. At all times relevant, Named Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

68. The Defendants employed the Named Plaintiff and the FLSA Collective as an employer.

69. At all times relevant, Named Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. The overtime wage provisions set forth in the FLSA apply to Defendants and protect the Named Plaintiff and the FLSA Collective.

71. The Defendants failed to compensate the Named Plaintiff and members of the FLSA Collective for the two fifteen-minute rest periods each day.

72. The Defendants instructed the Named Plaintiff and members of the FLSA Collective to report to work early.

73. The Defendants failed to compensate the Named Plaintiff and the FLSA Collective from the time they punched in, but instead from the beginning of the scheduled shift.

74. As a result of these policies, the Defendants failed to pay workers for all compensable hours.

75. In most instances, the failure to compensate for all working hours resulted in the failure to pay overtime for all hours worked in excess of 40 hours per week.

76. The Defendants failed to pay the Named Plaintiff and members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

77. Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

78. Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Named Plaintiff and the members of the FLSA Collective. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-35 (1988). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

79. As a result of Defendants' violations of the FLSA, the Named Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Violation**
**Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2**
**On behalf of the Named Plaintiff and the New York Class**

80. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

81. Defendants engaged in a widespread pattern, policy, and/or practice of violating the NYLL, as detailed in this Complaint.

82. At all times relevant, the Named Plaintiff and the members of the New York Class have been employees and Defendants have been the employer within the meaning of the NYLL § 190(3).

83. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Named Plaintiff and the members of the New York Class.

84. The Defendants failed to pay workers for all compensable hours.

85. In most instances, the failure to compensate for all working hours resulted in the failure to pay overtime for all hours worked in excess of 40 hours per week.

86. The Named Plaintiff and the New York Class are entitled to overtime wages for hours worked in excess of 40 hours weekly under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

87. The Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

88. Through Defendants' knowing or intentional failure to pay the Named Plaintiff and members of the New York Class overtime wages for hours worked in excess of 40 hours per week, the Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

89. Due to the Defendants' violations of the NYLL, the Named Plaintiff and the New York Class Members are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Unpaid Straight Wages
### New York Labor Law § 191
### On behalf of the Named Plaintiff and the New York Class

90. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

91. The Defendants failed to compensate the Named Plaintiff and members of the New York Class for all compensable hours.

92. Upon information and belief, in some instances, the failure to compensate for all working hours resulted in the failure to pay straight wages.

93. The Named Plaintiff and the New York Class are entitled to straight wages for hours worked up to 40 hours weekly under NYLL § 191.

94. The Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

95. Through Defendants' knowing or intentional failure to pay the Named Plaintiff and members of the New York Class straight wages, the Defendants have willfully violated the NYLL.

96. Due to the Defendants' violations of the NYLL, the Named Plaintiff and the New York Class Members are entitled to recover from the Defendants their unpaid straight wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### Spread of Hours Pay
### 12 NYCRR § 142-2.4
### On behalf of the Named Plaintiff and the New York Class

97. Plaintiff realleges and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

98. The Named Plaintiff and the members of the New York Class worked a spread of hours in excess of ten.

99. Defendants did not have a policy or procedure for the payment of spread of hours pay when the interval between the beginning and ending of the workday exceeded ten.

100. As a result of this policy, the Defendants failed to pay workers spread of hours pay to which they were entitled.

101. The Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

102. Due to the Defendants' violations of the NYLL, the Named Plaintiff and the New York Class Members are entitled to recover from the Defendants their unpaid spread of hours pay, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiff respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, the Named Plaintiff be allowed to give notice of this collective action;

B. Certification of the state law claims in this action as class actions;

C. Unpaid overtime wages under the FLSA;

D. An amount equal to unpaid overtime as liquidated damages under the FLSA;

E. Unpaid overtime wages under the NYLL;

F. Unpaid straight wages under the NYLL;

G. Unpaid spread of hours pay under the NYLL;

    H.      Liquidated damages under the NYLL;

    I.      Attorney's fees and costs of the action;

    J.      Pre-judgment and post-judgment interest as provided by law; and

    K.      Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
       December 28, 2017

                    Moser Law Firm, P.C.

                    _____
                    By:  Steven J. Moser
                    3 School Street, Suite 207 B
                    Glen Cove, New York 11542
                    (516) 671-1150
                    F (516) 882-5420
                    smoser@moseremploymentlaw.co