

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Roy P. Salins**
212-603-6435 tel
212-379-5213 fax

roysalins@dwt.com

February 22, 2019

**By ECF**
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re:   Cruz v. Cookies United, LLC, Case No. 17 Civ. 7557

Dear Judge Azrack:

    We write jointly on behalf of the parties to advise the Court that the parties have agreed to settle this matter. We enclose, for your review and approval, a settlement agreement and stipulation of dismissal with prejudice of this action.

    We thank the Court for its consideration.

Respectfully submitted,

Roy P. Salins

Enclosures

cc:   Steven J. Moser, Esq. (by ECF)

Anchorage  New York  Seattle
Bellevue   Portland  Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

## SETTLEMENT AGREEMENT

Settlement Agreement ("Agreement"), made and entered into between Felipe Cruz ("Cruz"), on the one hand, and Cookies United, LLC ("Cookies United") on the other hand.

**WHEREAS**, Cruz is a former employee of Cookies United;

**WHEREAS**, on December 28, 2017, Cruz commenced a civil action in the United States District Court for the Eastern District of New York, entitled *Felipe Cruz, individually and on behalf of all others similarly situated v. Cookies United, LLC and United Baking Co.*, by filing a complaint in which Cruz asserted class action and collective action claims against Cookies United and United Baking Co. under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid overtime wages, unpaid straight time pay, unpaid spread of hours pay, and unpaid rest breaks, which complaint was assigned Civil Action No. 17-7557;

**WHEREAS**, neither a FLSA collective nor a Rule 23 class action has been certified; and

**WHEREAS**, on January 18, 2019, Cruz filed a first amended complaint in which he withdrew the class action and collective action claims and asserted only individual claims against Cookies United under the FLSA and NYLL for unpaid overtime wages, unpaid straight time pay, unpaid spread of hours pay, unpaid hygienic practices pay, and failure to provide wage notice (hereinafter referred to as the "Lawsuit"); and

**WHEREAS**, the parties have engaged in discussions to amicably resolve and settle all of Cruz's claims and potential claims arising from his employment with Cookies United, and the withdrawal of the Lawsuit with prejudice.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, Cruz and Cookies United agree as follows:

1. <u>No Admission of Liability</u>. Cookies United has entered into this Agreement solely for the purpose of avoiding the burdens and expense of further legal proceedings. Nothing in this Agreement shall be deemed an admission by Cookies United that it violated any law or any statutory, regulatory, contract or other common law right of Cruz or any other current or former Cookies United employee. Cookies United expressly denies any wrongdoing whatsoever with respect to the manner in which Cookies United paid Cruz under the FLSA, NYLL, or any other federal, state or local statute pertaining to the payment of wages.

2. <u>Stipulation of Dismissal</u>. At the time this Agreement is executed, the parties' counsel shall execute a Stipulation and Order dismissing the Lawsuit with prejudice (the "<u>Stipulation</u>"), a copy of which is appended hereto as Exhibit A. Within five business days of the execution of this Agreement by all parties, defendant's counsel, Roy P. Salins, Davis Wright Tremaine LLP ("<u>Defendant's Counsel</u>") shall: (i) file the Stipulation with the Court; and (ii) simultaneously forward proof of filing to Steven Moser, Esq. ("<u>Plaintiff's Counsel</u>").

3. <u>Settlement Payment</u>. In consideration for the general release of claims, dismissal of the Lawsuit in its entirety with prejudice, other promises and covenants set forth in this Agreement, and so long as the Court enters an order dismissing the Lawsuit with prejudice, Defendant's Counsel shall deliver to Plaintiff's Counsel, within 14 days of the Effective Date of this Agreement (as defined in paragraph 12(b)), the sum of $20,000.00 payable as follows:

(a) A check made payable to "Felipe Cruz," in the amount of $1,400.00, which represents alleged monetary damages related to, among other things, his allegations of unpaid overtime wages, unpaid straight time pay, unpaid spread of hours pay, unpaid hygienic practices pay, and failure to provide wage notice. This payment shall be reported to Cruz on a Form W-2, and shall be subject to withholdings as required by law.

(b) A check made payable to "Felipe Cruz," in the amount of $3,900.00, which represents liquidated damages under the FLSA and NYLL, and statutory damages for wage notice violations under the NYLL. This payment does not in any way constitute wages, salary, back pay or other economic loss. Cookies United shall issue a Form 1099 to Cruz with respect to this payment.

(c) A check made payable to "Moser Law Firm, PC" in the amount of $14,700.00, which represents Cruz's attorneys' fees. Cookies United shall issue a Form 1099 to Moser Law Firm, PC and to Cruz with respect to this payment.

4. Acknowledgments.

(a) Cruz acknowledges that the payments set forth in paragraph 3 include, among other things, payment in full for any unpaid wages that might be due to Cruz for work performed for any Releasee (defined below) under any applicable wage statute, including overtime pay. Upon receipt of the payments set forth in paragraph 3 above, Cruz has been paid all wages for all hours worked and attendant benefits due to him from Releasees through the date of execution of this Agreement, in consideration of the services he rendered while employed by Cookies United or any of the Releasees, including, but not limited to wages, spread of hours pay, hygienic practices pay, overtime wages, incentive pay, commissions, bonuses, vacation pay, sick or disability pay, severance pay, overtime pay, holiday pay, expense reimbursement, bonuses, payments due to him from the Releasees pursuant to any agreement or other contract to which Cruz and/or the Releasees were a party, and any and all monetary or other benefits that are or were due to him pursuant to policies of the Releasees.

(b)     The payments referenced in paragraph 3 and the other promises contained in this Agreement are greater in value than anything else to which any of the Cruz would be entitled from Cookies United or any Releasee if he did not execute this Agreement and therefore constitute sufficient consideration for the general release set forth in paragraph 5.

(c)     Cruz affirms that he has no known workplace injuries or occupational diseases related to his employment with Cookies United.

(d)     Without limiting the foregoing, and for the sake of clarity, Cruz represents that the consideration set forth above exceeds the amount of any compensation that Cruz has claimed, could claim, or otherwise is owed for work at any time in the course of his employment with Cookies United. Therefore, with the payment of the consideration set forth above, any claim Cruz has or could have for wages is extinguished and rendered moot, and by signing this Agreement, Cruz acknowledges and agrees that he is owed nothing further from Cookies United and/or Releasees, including any wages.

5.     General Release. In exchange for the payments, benefits and promises described in this Agreement, Cruz agrees as follows:

(a)     Except as otherwise provided in this paragraph 5(a), Cruz hereby voluntarily, knowingly and willingly releases and forever discharges Cookies United, together with all of its past and present parents, subsidiaries, licensors, franchisors and affiliates, together with each of the forgoing parties' respective members, owners, trustees, officers, directors, stockholders, partners, employees, agents, representatives and attorneys, and each of their subsidiaries, affiliates, estates, predecessors, successors, and assigns (each, a "Releasee" and collectively, "Releasees") from any and all rights, claims, charges, actions, causes of action, complaints, sums of money, debts, covenants, agreements, promises, obligations, damages,

4

demands or liabilities of every kind whatsoever, in law or in equity, whether known or unknown, suspected or unsuspected (collectively, "Claims") which Cruz or his executors, administrators, successors or assigns ever had, now has or may hereafter claim to have against any and all Releasees involving facts that occurred on or before the date Cruz signs this Agreement.

Such released Claims include, without limitation:

(i) any and all Claims under the Age Discrimination in Employment Act, the FLSA, the NYLL, Title VII of the Civil Rights Act, the Civil Rights Act of 1871, the Civil Rights Act of 1991, the Equal Pay Act, the Family and Medical Leave Act, the Americans with Disabilities Act, the Employment Retirement Income Security Act (including, without limitation, any claim for severance pay), the New York State Human Rights Law, the New York City Human Rights Law, and any and all other federal, state or local laws, statutes, rules and regulations pertaining to Cruz's employment (each as amended);

(ii) any and all Claims under state contract or tort law, including, but not limited to, all Claims for assault, battery and intentional infliction of emotional distress;

(iii) any and all Claims based on the design or administration of any Cookies United employee benefit plan or program arising under any Cookies United policy, procedure or employee benefit plan;

(iv) any and all Claims for any and all forms of compensation, including, without limitation, any wages, overtime wages, commissions, spread of hours pay, hygienic practices pay, incentive pay, bonuses, lost past or future wages, salary, grants, stipends, medical or psychiatric expenses, sick pay, vacation pay, severance or separation pay, personal time-off pay, workers' compensation, contributions, fringe benefits, insurance or retirement benefits, compensation or punitive damages, expenses, costs, injunctive or equitable

5

relief, or any other benefit, reward, entitlement or emolument of an employment relationship, and compensatory, punitive or liquidated damages; and

    (v)  any and all Claims for attorneys' fees and costs.

  Notwithstanding the foregoing, nothing contained herein shall interfere with or waive Cruz's right to enforce this Agreement or to receipt of any accrued and vested benefit or accrued and vested right under any Cookies United employee benefit plan.

  (b)  Cruz represents that he is hereby withdrawing with prejudice any action, suit, charge, grievance, complaint or proceeding of any kind that he may have filed against Cookies United or any Releasee in any court or before any administrative or investigative body or agency. Cruz further acknowledges that, by virtue of the foregoing, he has waived all relief available to him (including without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and/or causes of action waived in paragraph 5(a).

  (c)  Cruz shall not discuss, communicate about in any manner or consult with, advise, counsel or otherwise cooperate with or assist any employees or former employees of Releasees, in the pursuit of any legal or administrative action(s) against Releasees, including but not limited to any action(s) in connection with any matters relating to his employment or, where applicable, separation from employment, unless compelled to do so by court order or by lawfully issued subpoena. Cruz shall not participate, directly or indirectly, as a party, witness or otherwise, in any action at law, proceeding in equity or in any administrative proceeding in which Releasees or their personnel are parties, unless compelled to do so by force of law. If any claim is not subject to release, to the extent permitted by law, Cruz waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee is a party. However, except as otherwise provided herein or permitted by law, Cruz

6

shall not be entitled to, and shall not seek nor permit anyone to seek on his behalf any personal, equitable or monetary relief in any such action and, in the event Cruz is awarded money, compensation or benefits, he shall immediately remit such award to Cookies United.

(d) Nothing in this Agreement shall be deemed to prohibit Cruz from participating or cooperating with the Equal Employment Opportunity Commission or other governmental or law enforcement agency in any investigation, administrative proceeding or action involving the Releasees conducted or brought by such agency. However, Cruz shall not be entitled to, and shall not seek nor permit anyone to seek on his behalf any personal, equitable or monetary relief in any such action and, in the event Cruz is awarded money, compensation or benefits, Cruz shall immediately remit such award to Cookies United.

6. <u>Tax Indemnification</u>. Cruz shall pay any amount that may be due and owing as taxes, interest or penalties arising out of the payments made by Cookies United pursuant to this Agreement, including any amounts ultimately determined to be due and owing by Cookies United. Cruz shall further hold Cookies United harmless against, and to indemnify Cookies United for, any and all claims by the Internal Revenue Service or any other taxing authority, which may be made against Cookies United arising out of Cookies United's failure to withhold any portion of the payments for income or social security purposes, and Cruz shall reimburse Cookies United for any resulting payments, including all penalties and interest to the Internal Revenue Service or any other taxing authority, that Cookies United must make in response to such claim, and costs and disbursements and the like incurred in defense of such a claim. Cookies United shall give prompt written notice to Plaintiff's Counsel following receipt of any claim from the Internal Revenue Service or any other taxing authority involving the subject matter of the indemnity provided for by this paragraph. Cruz shall further cooperate with

7

Cookies United in defense of such claim. Cookies United holds Cruz harmless for its payroll tax liabilities related to the payments made in accordance with paragraph 3.

    7.    Non-Disparagement. Cruz shall not make any oral, written or electronic negative, disparaging or adverse statements or representations of or concerning Cookies United or any Releasee. Cruz shall not engage in any conduct or take any actions whatsoever to cause or influence any person or entity, including, but not limited to, any past, present or prospective employee of Releasees, to initiate oral, written or electronic negative, disparaging or adverse statements or representations of or concerning Cookies United or any Releasee.

    8.    Future Employment. Cruz waives any right he may have to continued or reinstated employment of any kind or nature with any Releasee and to apply for or accept employment with any Releasee. If Cruz applies for employment with any Releasee notwithstanding this provision, the existence of this Agreement shall constitute a legitimate reason for the Releasee's rejecting such application and a complete defense to any claim Cruz might have arising from the rejection of such application. To the fullest extent permitted by law, Cruz waives and releases Releasees from any liability that may flow from any claim Cruz might have arising from the rejection of such application.

    9.    Entire Agreement. This Agreement contains the entire agreement between the parties regarding the subject matters hereto and, as such, this Agreement fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter addressed in this Agreement. Cruz is not relying upon any written or oral promise or representation made to him by any employee or representative of the Releasees, other than the promises contained herein.

10. <u>Governing Law and Forum</u>. This Agreement shall be subject to, governed by and interpreted in accordance with the laws of the State of New York without regard to conflicts of law principles. Any dispute between the parties arising out of or related to this Agreement, including for breach of this Agreement, shall be brought in a court of competent jurisdiction in the State of New York.

11. <u>Miscellaneous</u>.

(a) Any Releasee who is not a signatory to this Agreement may enforce its terms as intended third-party beneficiaries of the Agreement, including, but not limited to, the terms of paragraphs 5, 6, 7, and 8.

(b) The parties have cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, it shall not be construed against either party.

(c) This Agreement may not be amended, modified, or discharged except by a writing (excluding e-mail) duly executed by both parties.

(d) The invalidity or unenforceability of any provision contained herein shall in no way affect the validity or enforceability of any other provision of this Agreement; provided, however, that upon any finding by a court or arbitrator that the releases in paragraph 5 of this Agreement are illegal, void or unenforceable, Cruz shall execute a release and waiver to the fullest extent permitted by law to effectuate the terms and intent of his Agreement.

(e) The waiver by any party of the breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach by such other party.

(f) Cruz represents that he has not transferred or assigned, or purported to transfer or assign (in each case a "Transfer"), to any person or entity, any Claim that would be released hereunder but for such Transfer. Cruz further shall indemnify and hold harmless Cookies United and the Releasees against any and all claims based upon, arising out of, or in any way connected with any such actual or purported Transfer.

(g) The headings in this Agreement are for convenience of reference only.

12. Knowing and Voluntary Agreement.

(a) Cruz acknowledges that: (i) he has carefully read this Agreement in its entirety; (ii) he has the opportunity to consider the terms of this Agreement for at least 21 days; (iii) he is hereby advised by Cookies United in writing to consult with an attorney of his choice in connection with this Agreement, and has in fact consulted with Plaintiff's Counsel before he signed this Agreement; (iv) he fully understands the significance of all the terms and conditions of this Agreement; and (v) he is signing this Agreement voluntarily and of his own free will and he agrees to abide by all the terms and conditions contained herein.

(b) After signing this Agreement, Cruz shall have seven days (the "Revocation Period") to revoke this Agreement by indicating his desire to do so in writing to Defendant's Counsel by no later than the last day of the Revocation Period. This Agreement shall not become effective until the later of the following dates (the "Effective Date"): (i) the eighth day following the signing of this Agreement by Cruz, provided Cruz does not revoke this Agreement during the Revocation Period; or (ii) the date the Court enters an order dismissing the Lawsuit in its entirety with prejudice. In the event that Cruz revokes this Agreement prior to the eighth day after its execution, this Agreement and all the promises contained in it, including all of the payments referenced in paragraph 3, shall automatically be null and void.

WHEREFORE, intending to be legally bound, the parties have agreed to the aforesaid terms and indicate his agreement by signing below.

FELIPE CRUZ

By: _____           Date: 2/22/19
        Felipe Cruz

COOKIES UNITED, LLC

By: _____           Date: _____
        Luis Galeano
        President

11

WHEREFORE, intending to be legally bound, the parties have agreed to the aforesaid terms and indicate his agreement by signing below.

FELIPE CRUZ

By: _____   Date: 2/22/19
    Felipe Cruz

COOKIES UNITED, LLC

By: _____   Date: 2/22/19
    ~~Luis Galeano~~
    President

Walker Flanary
General Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK
------------------------------------------------------------x
FELIPE CRUZ,

                Plaintiff,

    - against -

COOKIES UNITED, LLC,

                Defendant.
------------------------------------------------------------x

17 Civ. 7557 (JMA)(SIL)

## STIPULATION OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the parties that the above-captioned action shall be and hereby is dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1), each party to bear their own costs.

Dated: New York, New York
       February 21, 2019

DAVIS WRIGHT TREMAINE LLP

By: _____ 2/22/19
    Roy P. Salins
1251 Avenue of the Americas, 21st Floor
New York, New York 10021
(212) 489-8230
Attorneys for Defendants

MOSER LAW FIRM, PC

By: _____
    Steven M. Moser
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
Attorneys for Plaintiff

SO ORDERED:

_____
Honorable Joan M. Azrack
United States District Judge