

# MOSER LAW FIRM, P.C.
## WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.  
smoser@moseremploymentlaw.com

3 SCHOOL STREET, SUITE 207B  
GLEN COVE, NEW YORK 11542

TEL (516) 671.1150  
FAX (516) 882-5420

May 16, 2019

VIA ECF

Hon. Joan M. Azrack, USDJ  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

Re:   *Cruz v. Cookies United,* 17-CV-7557 (JMA)(SIL)

Dear Judge Azrack:

With this letter, the Plaintiff requests that the Court approve the settlement submitted by the parties on February 22, 2019.

## BACKGROUND

Felipe Cruz, a former employee of Cookies United, filed a complaint on December 28, 2017 (ECF No. 1). The complaint alleged violations of the Fair Labor Standards Act and the New York Labor Law. More specifically, the Plaintiff claimed that he was deprived of overtime and straight wages because he was not paid for morning and afternoon breaks of 15 minutes each, totaling ½ hour each day. In addition, the plaintiff claimed that he was not paid spread of hours pay under the miscellaneous industry wage order (12 NYCRR § 142-2.4).

The Defendant disputed that there was any policy of failing to pay for rest periods. The Defendant provided detailed time records which contradicted the Plaintiff's claim that his morning and afternoon rest periods were not compensated. On June 1, 2018 an all-day mediation was held at the offices of Davis Wright Tremaine, 1633 Broadway, 27th Floor, New York, NY with an experienced mediator, Ralph Berger, Esq.

Following the mediation, Plaintiff's counsel conducted further investigation and was unable to corroborate the Plaintiff's claim for unpaid rest periods. On January 18, 2019 Plaintiff filed an amended complaint which dropped the class and collective action claims, as well as the allegation that there were unpaid rest periods. The amended complaint asserted overtime and straight wage claims for failing to pay for pre-shift and post-shift hygienic practices (donning and doffing claims), spread of hours violations, and sought liquidated damages for failure to provide a wage notice.

## CALCULATION OF DAMAGES

The Plaintiff was employed from September 19, 2014 until December 29, 2015. The Defendants produced detailed time clock and pay records for the Plaintiff. We were able to calculate the total hours worked according to the time clock and compare them to the total hours paid. We were also able to compute spread of hours pay on a daily basis throughout the Plaintiff's employment. This spreadsheet is annexed hereto as Exhibit 1. The resulting damages are as follows:

| | | |
|---|---|---|
| Spread of Hours Pay | | $1,697.81 |
| Spread of Hours Liquidated Damages (100%) | | 1,697.81 |
| Donning & Doffing OT | | 251.91 |
| Donning & Doffing Liquidated Damages (100%) | | 251.91 |
| Prejudgment Interest | | |
|    Rate | 9% | |
|    Midpoint | 5/1/2015 | |
|    Today | 5/16/2019 | |
|    Years | 4.043835616 | |
|    Total | | 709.59 |
| **Total** | | **$4,609.03** |

Under the settlement, the plaintiff will receive $5,300.00.

Out of pocket costs incurred by Plaintiff's counsel were as follows:

| | |
|---|---|
| Mediation Fees | $3,500 |
| Filing Fee | 400 |
| Process Service | 170 |
| Total | $4,070 |

The Attorneys fees amounted to $38,080.00, based upon a rate of $400.00 per hour for the work of Steven J. Moser and $100.00 per hour for paralegals. A spreadsheet showing computation of fees is annexed hereto as Exhibit 2. The combined fees and costs amount to $42,150.00.

Under the settlement, Plaintiff's counsel will receive $14,700.00, out of which $10,630.00 will be compensation for hourly fees, and $4,070.00 will be reimbursement for costs

incurred. The fees were reduced in order to induce settlement, and because a majority of the time expended was aimed at a class-wide settlement which was not consummated.

## LEGAL STANDARD

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Tuan Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-0086 (JS)(MLO), 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); *accord Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel;" and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); *see also Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420 (KAM)(SMG), 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"Courts in this district regularly award hourly rates ranging from $300 to $400 for experienced attorneys in FLSA cases." *Quintanila v. Good Eats Meal Plan Corp*, No. 18-CV-04350 (JMA) (GRB), 2019 U.S. Dist. LEXIS 73579, at *5 (E.D.N.Y. May 1, 2019).

Attorneys' fees need not be proportional to the recovery since "[t]he purpose of the FLSA attorney fees provision is to inure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Cabrera v. Schafer*, No. CV 12-6323 (ADS) (AKT), 2017 U.S. Dist. LEXIS 24606, at *12-13 (E.D.N.Y. Feb. 17, 2017) (citing *Cabrera v. Schafer*, No. CV 12-6323 (ADS) (AKT), 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272, at *2 (E.D.N.Y. Feb. 17, 2017)). In fact, "Attorney's fees are intended 'to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" *Lujuan v. JPG LLC*, No. 18-cv-0916 (KBF), 2018 U.S. Dist. LEXIS 96157, at *3-4 (S.D.N.Y. June 6, 2018)(citing Sand v. Greenberg, Case No. 08-cv-7840, 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)(compiling cases).

> [T]here is no "per se proportionality rule,"[] and "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation," *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). In *Millea v. Metro-N.R.R.*, 658 F.3d 154 (2d Cir. 2011), we held that it was legal error for a district court to calculate the fee award as a proportion of damages

3

> in a suit under the Family and Medical Leave Act. *Id.* at 169. We noted that although a district court "may, in exceptional circumstances, adjust the lodestar, it may not disregard it entirely." *Id.* (citation omitted). "Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel." *Id.* "The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." *Id.* As both the FLSA and the New York Labor Law are fee-shifting statutes, *see* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a), we see no reason to depart from the general rule in this case.

*Luo v. L&S Acupuncture, P.C.*, 649 F. App'x 1, 2-3 (2d Cir. 2016).

The Court is not required to consider the value of Plaintiff's NYLL claims when conducting a fairness inquiry under *Cheeks*. *See Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018); *Abrar v. 7-Eleven, Inc.*, No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016).

## THE SETTLEMENT IS FAIR

The settlement amounts to more than ten times the Plaintiff's ascertainable FLSA damages. The settlement will enable the parties to avoid unnecessary litigation of a low monetary value case. It is the result of arm's-length bargaining between experienced counsel. The Plaintiff's FLSA rights have been fully vindicated. The additional compensation for spread of hours claims is sufficient consideration for a general release.

Attorneys fees are fair because they are based upon the rates in this district. Plaintiff's counsel has reduced the fee in order to induce settlement, and to account for the fact that a class-wide settlement was not consummated.

For the foregoing reasons Plaintiff respectfully requests that the settlement be approved.

Respectfully submitted,

Steven John Moser